UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK TURNER,

    Plaintiff,    Case No. 1:09-cv-665

v.    Honorable Paul L. Maloney

CINDI S. CURTIN et al.,

    Defendants.
_____/

# OPINION

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint against Defendant Van Buren because she is immune. The Court will dismiss Defendants Curtin and Pratt for failure to state a claim. The Court also will dismiss Plaintiff's amended complaint against Defendants Hornkohl and Pierson for failure to state a claim, with the exception of his retaliation claim.

## Discussion

    I.   Factual allegations

    Plaintiff is incarcerated in the Oaks Correctional Facility (ECF). In his amended *pro se* complaint (docket #13), Plaintiff sues the following ECF employees: Warden Cindy Curtin, Assistant Deputy

Warden D. Pratt, Assistant Resident Unit Supervisor R. Pierson, and Corrections Officer (unknown) Hornkohl. He also sues Michigan Department of Corrections (MDOC) Hearing Officer Elizabeth Van Buren.

After his arrival at ECF, Plaintiff claims that Defendant Hornkohl, the property room officer, warned Plaintiff that filing grievances was "a sure way to make staff vindictive and start off with a bad relationship with Oaks prison staff." (Am. Compl., 3, docket #13.) Plaintiff wrote two grievances against property room staff on March 31, 2007. Plaintiff alleges that instead of going directly to the grievance coordinator for processing, the two grievances went to Defendant Hornkohl. Plaintiff claims that Hornkohl retaliated against him for writing the grievances by causing him to be placed in punitive segregation, also referred to as detention, from April 5 through April 11, 2007. According to a Step I grievance response attached to his original complaint, Plaintiff served thirty days of detention from March 6 through April 4, 2007, for a fighting misconduct. (*See* Step I Grievance Response, ECF-2007/04/2977/05B, docket #1-3.) The grievance response states that Plaintiff was heard on another major misconduct on April 11, 2007, for which he received a sanction of five days detention with five credit days given. Consequently, the grievance respondent concluded that Plaintiff was erroneously continued on detention status from April 5 through 11, 2007. Plaintiff's allegations suggest that the five extra days he served in detention was not a clerical error, but was the result of retaliation by Defendant Hornkohl. He contends that Defendant Van Buren and Pierson tried to cover up for Hornkohl's retaliatory conduct by altering misconduct reports and detention records.

In addition to his retaliation claim, Plaintiff alleges that his placement in punitive segregation for five days violated his Fourteenth Amendment due process rights and his Eighth Amendment right against cruel and unusual punishment. For relief, Plaintiff seeks monetary damages.

II. Immunity

Plaintiff sues Hearing Officer Elizabeth Van Buren. Hearing officers are required to be attorneys and are under the direction and supervision of a special hearing division in the Michigan Department of Corrections. *See* MICH. COMP. LAWS § 791.251(e)(6). Their adjudicatory functions are set out in the statute,

and their decisions must be in writing and must include findings of facts and, where appropriate, the sanction imposed. *See* MICH. COMP. LAWS § 791.252(k). There are provisions for rehearings, *see* MICH. COMP. LAWS § 791.254, as well as for judicial review in the Michigan courts. *See* MICH. COMP. LAWS § 791.255(2). Accordingly, the Sixth Circuit has held that Michigan hearing officers are professionals in the nature of administrative law judges. *See Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988). As such, they are entitled to absolute judicial immunity from inmates' § 1983 suits for actions taken in their capacities as hearing officers. *Id.*; *and see Barber v. Overton*, 496 F.3d 449, 452 (6th Cir. 2007); *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007); *cf. Pierson v. Ray*, 386 U.S. 547, 554-55 (1967) (judicial immunity applies to actions under § 1983 to recover for alleged deprivation of civil rights).

Plaintiff sues Defendant Van Buren for actions taken in her capacity as an MDOC Hearing Officer. Accordingly, she is entitled to absolute judicial immunity. Because Defendant Van Buren is immune from monetary damages, the only type of damages sought by Plaintiff, his complaint against her must be dismissed.

### III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Defendants Curtin and Pratt**

Plaintiff fails to make specific factual allegations against Warden Cindi Curtin in his amended complaint. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft* 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act

based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendant Curtin engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against her.

The only allegations Plaintiff makes with regard to Assistant Deputy Pratt in the amended complaint is that Pratt conducted the investigation that uncovered the error in his segregation records, and, thus, is a witness to the alleged unconstitutional conduct of the other Defendants. Plaintiff does not allege that Pratt engaged in any unconstitutional behavior whatsoever. Consequently, Plaintiff also fails to state a claim against Defendant Pratt. *See Ashcroft*, 129 S. Ct. at 1948.

### B. **Defendants Hornkohl and Pierson**

#### 1. Due Process

Plaintiff contends that his erroneous placement in punitive segregation for five days violated his due process rights. To determine whether segregation of an inmate from the general prison population involves the deprivation of a liberty interest protected by the due process clause, the Court must determine if the segregation imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Jones v. Baker*, 155 F.3d 810, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). In making this determination, the Court must consider the nature of the more-restrictive confinement and its duration. *Harden-Bey v. Rutter*, 524 F.3d 789, 793 (6th Cir. 2008). Keeping a prisoner in segregation for five days does not rise to the level of an "atypical and significant" deprivation that would implicate a protected liberty interest. *See Sandin*, 515 U.S. at 486-87 (thirty-day placement in disciplinary segregation did not suffice to implicate a protected liberty interest*)*; *Bennett v. Smith*, 110 F. App'x 633, 634-35 (6th Cir. 2004) ("Placement in administrative segregation [for sixty-eight days] does not give rise to a protected liberty interest

because it does not constitute an atypical and significant hardship on the inmate."); *Dean v. Campbell,* No. 97-5955, 1998 WL 466137, at *2 (6th Cir. July 30, 1998) (confinement in punitive segregation a few days longer than the 20 days prisoner initially received was not such an atypical and significant hardship as to create a liberty interest requiring due process); *see also Harden-Bey*, 524 F.3d at 792-93 (noting that while a thirty-day placement in segregation did not implicate a protected liberty interest, there was a question of fact as to whether an "indefinite" placement that had already lasted three years did implicate a protected liberty interest). Moreover, Plaintiff does not allege that the conditions of his confinement in punitive segregation were atypical or significant in relation to the ordinary incidents of prison life. Because no liberty interest was implicated by his five-day placement in punitive segregation, Plaintiff fails to state a due process claim against Defendants Hornkohl and Pierson.

2. **Eighth Amendment**

Plaintiff also contends that his five-day stay in segregation violated his Eighth Amendment right against cruel and unusual punishment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual

punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. The mere fact that Plaintiff was placed in punitive segregation, with nothing more, is insufficient to state an Eighth Amendment claim. *See Lacey v. Mich. Dep't of Corr.*, No. 95-1097, 1995 WL 564301 (6th Cir. Sept. 21, 1995) (placement in detention did not violate Eighth Amendment); *Eaddy v. Foltz*, No. 85-1419, 1985 WL 14065 (6th Cir. Dec. 18, 1985) (whether an Eighth Amendment claim is stated for placement in segregation depends upon severity or pervasiveness of conditions). Plaintiff has not alleged that he was deprived of essential food, medical care, or sanitation during the five-day period that he was erroneously held in segregation. "Because placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment claim." *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003).

Even if the Court reads Plaintiff's amended complaint to allege emotional or mental injuries, he cannot bring an Eighth Amendment claim for such injuries because he does not allege a physical injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *see also Hardin-Bey*, 524 F.3d at 795-96 (prisoner failed to allege a physical injury, as required to support his § 1983 claim that his placement in administrative segregation violated his Eighth Amendment rights); *Merchant v. Hawk-Sawyer*, 37 F. App'x 143, 145-46 (6th Cir. 2002) (denying an inmate's Eighth Amendment claim because the inmate did "not allege that he was subjected to any physical injury as a result of the actual conditions in the segregated housing unit, and 42 U.S.C. § 1997e(e) precludes any claim by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury") (internal quotation marks omitted)). Because Plaintiff alleges no physical injury, any claim for emotional

damages is barred. Plaintiff, therefore, fails to state an Eighth Amendment claim against Defendants Hornkohl and Pierson.

3. **Retaliation**

Plaintiff claims that Defendant Hornkohl, with the assistance of Defendant Pierson, retaliated against him for writing grievances by causing him to be placed in punitive segregation for five days. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

At this juncture, the Court finds that Plaintiff's allegations against Defendants Honkohl and Pierson are sufficient to state a claim.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e, Defendant Van Buren will be dismissed because she is immune and Defendants Curtin and Pratt will be dismissed for failure to state a claim. Plaintiff's claims against Defendants Hornkohl and Pierson also will be dismissed for failure to state a claim, with the exception of Plaintiff's retaliation claim. The Court will serve Plaintiff's retaliation claim against Defendants Hornkohl and Pierson.

An Order consistent with this Opinion will be entered.


Dated:   January 13, 2010          /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   Chief United States District Judge