UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DEREK TURNER, #148089, a/k/a DEREKE TURNER, | |
| Plaintiff, | Case No. 1:09-cv-665 |
| v. | Honorable Paul L. Maloney |
| ROBERT HORNKOHL, et al., | **REPORT AND RECOMMENDATION** |
| Defendants. | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Corrections Officer Robert Hornkohl and Assistant Resident Unit Officer Ryan Pierson, state employees at the Oaks Correctional Facility (ECF), are the defendants. Plaintiff alleges that defendants retaliated against him in violation of his First Amendment rights by causing him to be held in punitive segregation for five days in April 2007. He sues defendants in their individual and official capacities and seeks an award of damages. (Am. Compl.¶¶ III(B), V, docket # 13).

The matter is now before the court on defendants' motion for summary judgment. (docket # 24). Plaintiff has filed his response (docket # 28), and the motion is ready for decision. For the reasons set forth herein, I recommend that plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I further recommend that defendants' motion for summary judgment be granted and that a final judgment be entered in defendants' favor on all plaintiff's remaining claims.

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.[1] FED. R. CIV. P. 56(a); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The

---

[1] "The standard for granting summary judgment remains unchanged" under the amendments to Rule 56 that went into effect on December 1, 2010. *See* FED. R. CIV. P. 56 advisory committee note (2010 amendments).

motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

**Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is in the custody of the Michigan Department of Corrections (MDOC). On March 22, 2007, he transferred into the Oaks Correctional Facility (ECF) as an administrative segregation prisoner who was also serving a period of detention through April 5, 2007. (Transfer Order, docket # 25-3, ID # 166, Pierson Aff. ¶ 4, docket # 25-6, ID # 178).

Defendant Hornkohl was a property room officer. It was his responsibility to search incoming prisoner property for contraband. (Hornkohl Aff. ¶¶ 3, 4, docket # 25-4, ID # 168). Hornkohl did not have any role in determining plaintiff's detention status. (Hornkohl Aff. ¶ 9). On March 24, 2004, Hornkohl issued a Notice of Intent to conduct an administrative hearing (NOI) regarding contraband items in plaintiff's incoming property. (NOI, docket # 25-4, ID # 172; Hornkohl Aff. ¶ 6). On March 27, 2007, the hearing officer sustained the NOI and ordered the contraband items destroyed. (Administrative Hearing Report, docket # 25-4, ID # 171). After the hearing officer's decision, plaintiff filed two grievances against Hornkohl. (Hornkohl Aff. ¶ 8). Plaintiff's March 29, 2007 grievance complained about a missing cassette tape player. On April 2, 2007, plaintiff signed off on this grievance, indicating that it had been resolved. (docket # 1-5, ID

# 69; docket # 28-3, ID # 217). Plaintiff's second grievance against Hornkohl, dated March 31, 2007, accused Hornkohl of breaking property seals outside his presence, etc. (docket # 1-2, ID# 6; docket # 28-3, ID # 217).

On April 4, 2007, plaintiff was charged with the major misconduct of possession of stolen property. (Major Misconduct Report, docket # 25-5, ID #s 174-75). Through a clerical error, plaintiff was not transferred from detention on April 6, 2007. (Pierson Aff. ¶¶ 5-7). On April 11, 2007, a hearing officer found plaintiff guilty of the major misconduct charge of possession of stolen property, a conviction that has never been overturned. On April 11, 2007, the hearing officer sentenced plaintiff to five days of detention, but plaintiff was not required to serve any additional time in detention, because he received credit for the days he had already served. (Major Misconduct Hearing Report, docket # 25-5, ID # 176; Pierson Aff. ¶¶ 5, 8). Defendant Pierson was not aware that plaintiff filed grievances against Hornkohl. (Pierson Aff. ¶ 8).

On July 20, 2009, plaintiff filed this lawsuit.

## Discussion

1.  Eleventh Amendment Immunity

Plaintiff's claims for damages against defendants in their official capacities are barred by Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State of Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his official

capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). All claims against any defendant in his official capacity must therefore be dismissed on Eleventh Amendment grounds.

    2.    <u>First Amendment</u>

On summary judgment, a plaintiff asserting a First Amendment retaliation claim must present evidentiary proof on which a reasonable trier of fact could find (1) that the plaintiff had engaged in conduct protected by the First Amendment; (2) that an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from engaging in that conduct; and (3) that the adverse action taken against the plaintiff was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). The plaintiff has the burden of proof on all three elements. *See, e.g.*, *Murray v. Evert*, 84 F. App'x 553, 556 (6th Cir. 2003).

Plaintiff filed his grievances against Officer Hornkohl after a hearing officer upheld the NOI. A prisoner's filing of a grievance can constitute protected conduct. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). For analytical purposes, I will assume that plaintiff's grievances were not frivolous and constituted protected conduct. *See Herron*, 203 F.3d at 415 (filing a frivolous grievance is not protected conduct); *accord Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008). These grievances, however, could not possibly have been the motivation for allegedly retaliatory action occurring *before* the grievances were filed.

The second element of a retaliation claim is an adverse action against plaintiff that would deter a person of ordinary firmness from engaging in the protected conduct. It is well established that "a prisoner is expected to endure more than the average citizen and enjoys no protected right to remain incarcerated in a given correctional facility." *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 358 (6th Cir. 2006) (citing *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005)). Plaintiff served no additional time in detention, because the days he had served were credited against his detention time from the major misconduct conviction. This is not an action that would deter a person of ordinary firmness.

Finally, under the causation element of a prisoner's *prima facie* case for retaliation, the subjective motivation of the decisionmaker is at issue. "The third element of a First Amendment retaliation claim requires the plaintiff to prove a causal connection between the protected conduct and the adverse action. When assessing motive in the context of a summary judgment motion, bare allegations of malice do not suffice to establish a constitutional claim. This court has held that circumstantial evidence, like the timing of events or the disparate treatment of similarly situated individuals, is appropriate." *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 399-400 (6th Cir. 2010) (internal quotations and citations omitted). Plaintiff must demonstrate that his protected speech was a substantial or motivating factor in the adverse action taken by defendant. Specifically, plaintiff must point to specific, nonconclusory allegations reasonably linking his speech to the adverse action. *Rodgers v. Banks*, 344 F.3d 587, 602 (6th Cir. 2003). The Sixth Circuit has interpreted this inquiry to mean that a motivating factor is "essentially but-for cause-without which the action being challenged simply would not have been taken." *Vereecke*, 609 F.3d at 400 (quoting *Leonard v. Robinson*, 477 F.3d 347, 355 (6th Cir. 2007), and *Greene v. Barber*, 310 F.3d 889, 897

(6th Cir. 2002)). "Substantial case law from this circuit cautions about the permissibility of drawing an inference of causation from temporal proximity alone." *Vereecke*, 609 F.3d at 400; *see Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 321 (6th Cir. 2007) ("The law is clear that temporal proximity standing alone, is insufficient to establish a causal connection for a retaliation claim."). Plaintiff has not presented evidence sufficient to support any causal connection between his grievances and the few days he served in detention in April 2007.

"Even if the plaintiff establishes all three elements, the defendant may avoid liability by showing 'that the same action would have been taken in the absence of protected activity.'" *Whiteside v. Parrish*, 387 F. App'x 608, 612 (6th Cir. 2010) (quoting *Thaddeus-X*, 175 F.3d at 399). Defendants have shown that they would have taken the same actions if plaintiff had not filed his grievances. Defendant Hornkohl issued the NOI to keep the contraband items out of plaintiff's hands. Defendant Pierson corrected the error regarding plaintiff's detention status as soon as it was discovered. Defendants' actions would have been the same if plaintiff had not filed grievances. Plaintiff's proofs in support of causation are nonexistent, and no reasonable trier of fact could hold in his favor. Defendants are entitled to judgment in their favor as a matter of law.

## Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I further recommend that defendants' motion for summary judgment (docket # 24) be granted and that a final judgment be entered in defendants' favor on all plaintiff's remaining claims.


Dated:  March 6, 2011             /s/  Joseph G. Scoville
                                  United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).