UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK TURNER, # 148089,　　　　　　　)
a/k/a DEREKE TURNER,　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)　　　No. 1:09-cv-665
-v-　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)　　　HONORABLE PAUL L. MALONEY
ROBERT HORNKOHL, et al,　　　　　　　)
　　　　Defendants.　　　　　　　　　　　　　)
_____)

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Turner, a prisoner under the control of the Michigan Department of Corrections ("MDOC"), filed this action under 42 U.S.C. § 1983. Plaintiff filed an amended complaint in December 2009. (ECF No. 13.) Plaintiff's amended complaint was reviewed, as required by 28 U.S.C. §§ 1915(e)(2) and 1915A, and the claims against Defendants Van Buren, Curtin and Pratt were dismissed. In addition, the Due Process and Eighth Amendment claims against Defendants Hornkohl and Pierson were dismissed. The only claim remaining is a claim for retaliation in violation of the First Amendment against Defendants Hornkohl and Pierson.

Defendants Hornkohl and Pierson ("Defendants") filed a motion for summary judgment. (ECF No. 24.) Plaintiff filed a response. (ECF No. 28.) The magistrate judge reviewed the motion and issued a report and recommendation. (ECF No. 34 "R&R".) The magistrate judge recommends Plaintiff's claims against Defendants in their official capacity be dismissed with prejudice because those claims are barred by Eleventh Amendment immunity. (R&R 8.) The magistrate judge recommends Defendants' motion for summary judgment be granted and Plaintiff's remaining claims be dismissed. Plaintiff Turner filed objections. (ECF No. 41.)

**STANDARD OF REVIEW**

After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**ANALYSIS**

**A. OBJECTION 1**

The magistrate judge concludes "[o]n April 11, 2007, the hearing officer sentenced plaintiff to five days of detention, but plaintiff was not required to serve any additional time in detention, because he received credit for the days he had already served. (Major Misconduct Hearing Report, docket # 25-5, ID # 176; Pierson Aff. ¶¶ 5, 8.)" Plaintiff objects. Plaintiff argues the hearing officer

sentenced him to five days loss of privileges, not five days detention. (Obj. 6-7, 8, 9.)

Plaintiff's objection is OVERRULED. Plaintiff provides no evidence to support his objection. The record supports the proposed findings of fact in the R&R. The hearing officer found Plaintiff guilty of a major misconduct and sentenced him to five days detention, with credit for time served. In his objection, Plaintiff argues the hearing officer could not credit him for time served in detention. Plaintiff cites two Policy Directives, PD 04.05.120 § U 22 (Mar. 27, 2006) and PD 3.03.105 § AAA (Feb. 14, 2005) that prohibit prisoners from being deprived of out-of-cell exercise for more than 30 consecutive days without being provided a seven-day break. (Obj. Exs. 6 and 14, PgID 389 and 403.) Plaintiff was placed in segregation on March 14, 2007 and was supposed to be released from detention on April 5, 2007. (ECF No. 25-3 Transfer Order PgID 166.) However, Plaintiff was not released from segregation until April 11, 2007, due to an administrative error. (Pierson Aff. ¶¶ 5 and 7.) The hearing officer credited Plaintiff for time served in detention from April 6, 2007 to April 11, 2007. If Plaintiff was in detention from March 14 through April 11, 2007, his punishment lasted for 28 days.

Even if Plaintiff could somehow establish that the credit for time served did violate a Policy Directive, Plaintiff has not explained how that error establishes a genuine issue of material fact relevant to his retaliation claim against Defendants. The hearing officer, not Defendants, imposed the detention punishment. The hearing officer has already been dismissed from this action and Plaintiff's Due Process and Eighth Amendment claims have also already been dismissed from this action. Plaintiff cannot use this objection to revive those claims. (*See* Obj. 19 PgID 342.)

**B. OBJECTION 2**

The magistrate judge concludes Plaintiff's claims against Defendants in their official

capacities are barred Eleventh Amendment immunity. (R&R 4-5.) Plaintiff objects. Plaintiff argues Defendants had a custom of handling mail for segregated prisoners where they would remove grievances about staff misconduct and place the grievances in Pierson's office for review. (Obj. 22-23 PgID 345-46.) Plaintiff cites *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

Plaintiff's objection is OVERRULED. Plaintiff sued two employees of the MDOC in their official capacities. Plaintiff has not sued a local governing body or an employee of a local governing body. States are protected by Eleventh Amendment sovereign immunity, while municipalities are not so protected. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). The MDOC is an arm of the State of Michigan, an entity entitled to Eleventh Amendment immunity. *Turnboe v. Stegal*, 324 F.3d 1270, 2000 WL 1679478, at * 2 (6th Cir. 2000) (unpublished table order).

## C. OBJECTION 3

The magistrate judge concludes Defendant Pierson was not aware that Plaintiff filed grievances against Defendant Hornkohl. Plaintiff objects. Plaintiff argues the two Defendants worked together, were dependant upon each other, and knew when grievances were filed on each other. (Obj. 24 PgID 347.) Plaintiff argues the manner in which segregated-prisoner mail was processed allowed Defendants to have access to the grievances. (Obj. 24-25 PgID 347-48.)

Plaintiff's objection is OVERRULED. Plaintiff has submitted no evidence that Defendant Pierson knew Plaintiff filed grievances against Defendant Hornkohl. The record contains evidence that Defendant Pierson was not aware that Plaintiff filed grievances against Defendant Hornkohl. Assuming, for the sake of argument only, that Defendant Pierson had such knowledge, Defendants would still be entitled to summary judgment on Plaintiff's retaliation claim. The magistrate judge concludes Defendants have demonstrated that they would have taken the same actions if Plaintiff

4

had not filed his grievances, a finding sufficient to avoid liability for a retaliation claim. (R&R 7.) Plaintiff has not objected to this portion of the R&R.

## D. OBJECTION 4

The magistrate judge concludes the grievance could not have provided motivation for the allegedly retaliatory conduct because the conduct occurred before the grievances were filed. (R&R 5.) Plaintiff objects. Plaintiff directs the Court to the dates on which the three stages of the grievance process occurs. (Obj. 30 PgID 353.) Plaintiff argues the Notice of Property Disposal dated May 26, 2007 is relevant to his retaliation claim. (Pl. Ex. 8 Pg ID 391.) The Notice is signed by "Melchert." Plaintiff asserts Defendant Hornkohl was training Melchert and Melchert issued the notice at Defendant Hornkohl's direction. (Obj. 30 PgID 353.)

Plaintiff's objection is OVERRULED. Plaintiff's assertions are not supported by any evidence in the record. Plaintiff has put forth no evidence that Melchert was being trained by Defendant Hornkohl. Plaintiff has put forth no evidence that Melchert issued the Notice at Defendant Hornkohl's direction. Melchert is not identified as a defendant in this action. Plaintiff's objections here cannot revive his Due Process claim. (*See* Obj. 31-32 PgID 354-55.)

## E. OBJECTION 5

The magistrate judge recommends Defendants' motion be granted. Plaintiff objects. Plaintiff requests injunctive relief. (Obj. 36 PgID 359.)

Plaintiff's objection is OVERRULED. The amended complaint does not pray for injunctive relief. The phrase "injunctive relief" occurs in Plaintiff's submissions to the Court for the first time on page 15 his response to the motion for summary judgment. (Pl. Resp. 15.) Plaintiff asserts this lawsuit and his use of the grievance system have resulted in retaliation by the medical care staff,

5

caused a loss of his property, and caused him to suffer from indefinite detention in administrative segregation. (Obj. 38, 39 PgID 361 and 362.) Plaintiff's complaints about the medical staff, his medical records, and the use of chemical agents are not within the scope of his pending retaliation claim against Defendants Hornkohl and Pierson. These factual allegations do not address any portion, or omission, of the R&R. Plaintiff has not moved to amend his complaint to add allegations of other acts of retaliation. The same is true for Plaintiff's allegations regarding a planted weapon. (Obj. 47-50 PgID 370-73.)

## CONCLUSION

Defendants Hornkohl and Pierson are entitled to summary judgment. Plaintiff's claims against Defendants in their official capacities are barred by Eleventh Amendment immunity. Plaintiff's retaliation claims against Defendants cannot survive Defendants' evidence that they would have acted the same whether Plaintiff filed his grievance or not. Plaintiff's objections to the R&R do not create a genuine issue of material fact sufficient to avoid summary judgment.

## GOOD-FAITH CERTIFICATE

Because Plaintiff is proceeding in forma pauperis, this Court must undertake a review of the record for the purpose of determining whether any appeal would be taken in good faith. Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "The statute requires that a district court must determine in writing whether a request to appeal in forma pauperis is taken in good faith." *McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997). The "good faith" requirement must be judged by an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "Good faith" is

demonstrated when the party seeks appellate review of an issue that is "not frivolous." *Id.* An appeal is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The former occurs when 'indisputably meritless' legal theories underlie the complaint and the latter when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327-28)). Under this standard, a determination of "good faith" requires "an inquiry into the merits of the appeal, but does not require that probable success be demonstrated.

Under the objective standard, Plaintiff has a good-faith basis for appealing the dismissal of his retaliation claim. Plaintiff did not object to the conclusion that Defendants would have taken the same actions regardless of whether Plaintiff filed any grievances. The failure to object to this conclusion results in a waiver of the issues and cannot be appealed. *See Sullivan*, 431 F.3d at 984.

## ORDER

For the reasons identified in the accompanying opinion, **IT IS HEREBY ORDERED:**

1. The report and recommendation (ECF No. 34) is **ADOPTED**, over objections, as the opinion of this Court. Plaintiff's claims against Defendants in their official capacities are DISMISSED WITH PREJUDICE.

2. Defendants' motion for summary judgment is **GRANTED.** Plaintiff's retaliation claim against Defendants is DISMISSED WITH PREJUDICE.

3. A good-faith certificate for appeal is **DENIED.**

Date:　May 27, 2011　　　　　　　　　　　　　　　/s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge